Christian, J.
delivered the judgment of the court.
This day came as well the plaintiff in error, by his counsel, as the attorney-general in behalf of the Commonwealth, and the court having maturely considered the transcript of the record of the judgment aforesaid, and the arguments of counsel, is of opinion that there was no error in the judgment of the Hustings court of the city of Richmond in refusing to discharge the prisoner from farther prosecution upon the ground that three regular terms of said court had passed without his trial.
The 34th section of chapter 208, of Sess. Acts, 1866-7, is in these words: “Every person charged *815 with felony, and held in any court for trial, shall he forever discharged from prosecution for the offence, if there, he three regular terms of such court, after he is so held, without a trial; unless the failure to try him was caused by his insanity, or by the witnesses for the Commonwealth being enticed or kept away, or prevented from attending by sickness or inevitable accident, or by a continuance granted on the motion of the accused, or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict.”
It is provided by law, that “ there shall be a term of the Hustings court for the city of Eichmond for each month in the year, except the month of August, commencing on the first Monday in the month, and continuing so long as the business before the court may require.”
The record shows that the accused was indicted at the May term, 1870, to wit: on the fourth day of June, that being the last day of the May term. A capias to answer the indictment was at once issued. The record does not show when the capias was executed; hut it appears that on the first day of the June term, to wit: on Monday, the 6th day of June, the accused was brought into court in custody of the sergeant of the city of Eichmond, under the capias awarded against him on the 4th day of June.
Upon the motion of the attorney for the Commonwealth, the case was continued from time to time until the October term. On the 81st day of October, the accused, being arraigned upon the indictment found against him on the last day of the May term, moved the court to discharge him from further prosecution, upon the ground that three regular terms of the court had passed since he had been held for trial under said indictment. The court overruled this motion; and the prisoner excepted, and brings before this court the *816 question, What is the true construction of the 34th section of the act above referred to ?
It is insisted by the counsel for the accused, that the June term of the said Hustings court must be counted as one of the terms after which the accused was held for trial, because the record shews that, on the first day of that term, the accused was brought into court, under the capias issued on the last day of the May term, and that the first entry made upon the records of the court on that day (to wit: the first day of the June term), was an entry recognizing the accused to appear on the next day; and that the whole of the June term remained, at which he might have been tried; and that, therefore, the June term ought to be taken into-the computation, to make up the three regular terms.
The court is of opinion that the accused, in this case, was held for trial, in the Hustings court for the city of Richmond, on the first day of the June term,
. and not before. He was held for trial in that court, from the moment he was delivered by the officer, charged with the execution of the capias, into the custody of the court, and not before. While in custody of the officer, under the capias, he was held by that officer, to be brought into court to answer the indictment, and could not be said to be held in court for trial, until actually delivered into its custody. So-that, no matter when he was arrested by the officer, he was held in court for trial for the first time on the day he was brought into court in charge of the officer who executed the capias. The law makes it the duty of an officer, who under a capias from a court arrests a person, accused of an offence not bailable, or for which bail is not given, to deliver the accused to the court, if sitting, or to the jailor thereof, who shall receive and imprison him. Sess. Acts, ’66-7, § 20, p. 930.
If the court be in session, he can be said to be held in court for trial, only from the time he is delivered *817 into the custody of the court. If the court be not in session, and the accused is committed to jail, he cannot be said to be held in court for trial until after the session of the court begins; for, during the vacation of a coui’t a pax’ty cannot be said to be held in court for trial. So, where a party has been committed by a justice of the peace, and sent on to answer an indictment, such party can only be said to be held in court for txúal from the time he appears to answer the indictment, if on bail, and if in jail, from the time the court meets in which he may be tried. In any case, the term of the court in which he is first held for txial is not to be computed to make up the three regular terms; but there must be three regular terms after that term, without a trial, before he can claim his discharge. How, the section under considex’ation provides that every person charged with felony and held in any court for txial, shall be forever discharged from prosecution for the offence, if there be three regular terms of such court after he is so held without a trial. Each term of a court has a fixed period at which it begins and ends. The term of the Hustings court of the city of Richmond (as prescribed by law) begins on the first Monday in each month, except the month of August, and ends whenever the coux't adjoux’ns to the next term. The term may consist of thirty days, or ten days, or one day, depending upon how long the coux’t may sit. If the court should adjourn on the first Monday (sitting only one day), to the first day of the next term, that one day is as much a term of the court as if it sat for thirty days. Before a px-isoner is entitled to his discharge, under this section, there must be three regular terms—that is, plainly, whole terms; not parts or fractions of three terms, but three entire terms, of such court after he is so held, without a trial; or, in other words, there must be three periods of a session of such court, having a beginning and ending after that term *818 when he is first held for trial. If the term has commenced (no matter how soon after its commencement the prisoner has been delivered into the custody of the court), that term cannot be counted as one of the three regular terms, after he is held for trial, because a part of that term has already expired and there is but a part of it left; it may be a large part or a small part, depending upon how long the court may sit; still it is not an entire term. And it cannot be said that in such a case a term of the court has passed when only a part of a term has expired: for that would be to hold that a term of a' court means a part of a term.
ISTor is there any force in the position that, in this case, the June term must be computed as one of the three regular terms after the accused was in custody, because there was sufficient time left, of that term, in which he might have been tried. To adopt this view would be to put the decision in every case upon evidence aliunde, instead of having a uniform rule of interpretation to be applied to all cases. In the language of Judge Lomax in Bell’s case, 7 Gratt. 646, “It seems much better to take some fixed and uniform rule from the language and meaning of the statute, than a rule to be derived from what the court may be supposed, in a presumed state of its business, to have had the capacity to do.” The court is therefore of opinion that the said Hustings court was not in error in refusing to discharge the prisoner.
H, But the court is further of opinion that the said Hustings court was in error in refusing to quash the venire facias, which directed the sergeant of the city of Biehmond “to cause to come before the Hustings court twenty-four good and lawful men, qualified to vote and hold office under the constitution of the State of Virginia, each one of whom is twenty-one years of age, to recognize, on their oaths, whether the said Johnson H. *819 Sands be guilty of tbe felony with which he stands indicted or not.”
The court is of opinion that the provisions of the constitution, contained in the third section of the fourth article, which declares that “ all persons entitled to vote and hold office, and none others, shall be eligible to sit as jurors,” does not execute itself proprto vigore ; but that legislative action is necessary to put it into operation and give it effect. This would be so, independent of the schedule. But the schedule, which is a part of the constitution, and which limits its operation, contains the following provisions, which, in its own language, were adopted in order that no inconvenience might arise from changes in that constitution. Sec. 2: “ All indictments which shall have been found, or which may hereafter be found, for any crime or of-fence committed before the adoption of this constitution, may be proceeded upon as if no change had taken place.” See. 4: “ All crimes and misdemeanors and penal actions shall be tried, punished and prosecuted as though no change had taken place, until otherwise provided by law.” The second section refers exclusively to crimes and offences committed before the adoption of the constitution. It was not intended, however, as a limitation on the power of the Legislature to adopt a mode of criminal procedure in all cases of crimes and misdemeanors (whether committed before or after the adoption of the constitution); but was intended simply to provide that proceedings in the cases therein mentioned might be had, according to the existing law, in the absence of such legislation. The fourth section is a broader and more comprehensive provision, embracing all crimes and misdemeanors and penal actions; and is an emphatic and positive declaration, that they shall be tried, prosecuted and punished, as though no change had taken place, until otherwise provided by law.
*820 The issuing and execution of a writ of venire facias is certainly a part, and a most important part, of every criminal trial. It is a necessary incident to every trial, an^ Provisions concerning it are always contained in the Criminal Code, under the head, “ Trial and its incidents.” It is manifest, that everything relating to> the trial of a criminal offence, must, by the very terms of the schedule, be proceeded with under the forms of' existing laws, until the Legislature shall make the change. The courts cannot make the change by seeking to conform the writ to a provision of the constitution, which is inoperative without legislative action ;• for that would be for the courts to assume legislative functions, and perform a legislative act. "Whenever the Legislature shall provide a different mode of criminal procedure, in accordance with the provisions of the constitution, in respect to jurors, then, of course, the proceedings in all eases will be had in conformity to such laws; but, until such change is made, the existing laws remain in full force and effect'. The court is, therefore, of opinion, that the venire facias in this case, instead of being issued in the form set forth in the second bill of exceptions, ought to have been issued in pursuance of the directions of chap. 208 of the Code, as amended by the act of 1866-7. pp. 932, 933; and for this error the said judgment must be reversed.
The court might here conclude this opinion, without taking any notice of the other questions presented by the record. But, as these questions have been fully argued before this. court, and as many of them may arise in the future trial of this case in the court below, this court has considered them, and will now proceed to express an opinion upon such of them as are likely again so to arise. ' •
IDE. It is not necessary that the court should express any opinion upon the third assignment of error, as to *821 Hie acceptance of the juror Cunningham, inasmuch as in the new trial to be had this question cannot again arise.
IV. As to the fourth assignment of error, to wit, as to the admissibility of evidence offered by the Commonwealth to show the pecuniary condition and habits of Solomon Haunstein, the court is of opinion that the Hustings court was not in error in admitting such evidence, and in refusing to exclude the same from the jury.
■ V. The court is further of opinion that the Hustings court was not in error, in admitting in evidence to the jury, the record of the proceedings of the •County court of Henrico, in a suit upon the alleged forged bond, together with the testimony of Vm. Folkes, the clerk of the said court.
VI. Hor did the Hustings court err, in admitting as evidence, the record of the proceedings of the Circuit court of Henrico, the object of which last named suit was to enforce the judgment which had been obtained on the alleged forged bond, together with evidence of Temple Ellett, the clerk of the said court; the court being of opinion that every act of the prisoner, tending to shew an attempt to employ as true the bond of •Solomon Haunstein, alleged to be forged, by seeking in any way, through the courts or otherwise, to subject the estate of said Haunstein to the payment of the alleged forged bond, was legitimate evidence to go to the jury, to be considered and weighed by them, along with the other facts of the case.
VH. The court is further of opinion that the Hustings court was in error in admitting in evidence the record of the chancery suit of “Sands v. Page, escheator,” and that the same ought to have been excluded from the jury as irrelevant to the'issue they were sworn to try.
VHI. and IX. The court is further of opinion that *822 the Hustings court did not err in refusing to exclude from the jury the questions asked the witness, E. S. Sanxay, and his replies thereto, which form the subject 13th, 14th and 15th bills of exceptions, in reference to the sale of the real estate of Solomon Haunstein, and his purchase at said sale. Hor was there any error in excluding the paper offered during his examination by the prisoner’s counsel; that paper being an cx parte settlement, by a commissioner in chancery, of the transactions of Eichard D. Sanxay, the father of the witness, as curator of a lunatic, one Eliza Keith; and was not only wholly irrelevant to the issue, but was not evidence for the purpose for which it was offered, to wit: to sustain the veracity of the witness, E. S. Sanxay.
X. Hpon the 10th error assigned, which presents the question, whether the conversations between the witness, Thomas E. Bowden, and Eichard D. Sanxay, who was the curator of Haunstein’s estate (which conversation, it is shown, was not communicated to the prisoner), were proper evidence to go to the jury, the court is equally divided, two of the judges (Moncure and Anderson) being of opinion that such conversation is admissible as evidence, while two (Christian and Staples) are of opinion that it ought to have been excluded; the result being, by the decision 'of a divided court, that there was no error in the Hustings court in refusing to exclude such evidence.
XI. The eleventh assignment of error, as to the motion to exclude the two chancery records, after the close of the Commonwealth’s evidence, raises in another form the same questions which have already substantially been disposed of, and there only remains to be considered
XH. The twelfth error assigned, which is the refusal of the court to give the third instruction asked for by the prisoner’s counsel, and the giving another in lieu *823 thereof. The court is of opinion, that the Hustings court did not err in refusing to give the instructions asked for, without explanation or modification. But • the court is of opinion that the Hustings court should have given the said instruction entire, in the language in which it was asked, or language of like import, with the following or like modifications added: “But any assertion or declaration, by word or act, directly or indirectly, that the forged writing or endorsement is good, with such knowledge or intent, is an uttering or attempting to employ as true said writing or endorsement; provided that such assertion or declaration was made in the prosecution of the purpose of obtaining the money mentioned in said writing;” so that the instruction would then read as follows: That before the jury can convict the accused upon the second or fourth counts of the indictment, the jury must be'satisfied, from the evidence, that the accused himself uttered or attempted to employ as true the said forged writing, or the forged endorsement respectively, or was-present at the time such forged writing or forged endorsement, respectively, were uttered or attempted to be employed as true, by some other person, aiding and assisting such other person to utter and employ the same as true; and in either case, that the jury must be further satisfied, from the evidence, that the accused knew at the time that the said forged writing, or the said forged endorsement, respectively, were in fact forged; and that such uttering or attempting to employ as true in either case, were made or done by the accused with the intent charged in the indictment. But any assertion or declaration, by word or act, directly or indirectly, that the forged writing or endorsement is good, with such knowledge and intent, is an uttering or attempting to employ as true the said writing or endorsement; provided that such assertion or declaration was made in the prosecution of the pur *824 pose of obtaining tbe money mentioned iñ the said writing.
XHT, The court is further of opinion, for reasons given in the opinion of the court in the case of Chahoon v. The Commonwealth, that the offence with which the accused stands indicted was committed, if committed at all, within the jurisdiction of the Hustings court of the city of Richmond.
Wherefore, for the error of the said court of Hustings in overruling the motion of the accused to quash the venire facias, as aforesaid, it seemeth to the court here that the judgment aforesaid is erroneous. Therefore it is considered that the same be reversed and annulled; and it is ordered that the verdict rendered by the jury be set aside, and that the cause be remanded to the said court of Hustings, with directions to proceed in the manner prescribed by law, to cause another jury, duly qualified, to come and say whether the said Johnson H. Sands be guilty of the felony wherewith he stands accused in the said indictment mentioned, or’ not guilty; and further to proceed as the law requires.
Which is ordered to be certified to the said court of Hustings for the city of Richmond.
Judgment Reversed.