# Richmond

## Jack L. Massie and Virginia M. Massie v. State Highway Commissioner of Virginia.

December 6, 1968.

Record No. 6788.

Present, All the Justices.

*Herbert V. Kelly* (*Jones, Blechman, Woltz & Kelly*, on brief), for appellants.

*Paul D. Stotts*, *Assistant Attorney General* (*Robert Y. Button*, *Attorney General; Kelly E. Miller*, *Assistant Attorney General*, on brief), for appellee.

Eggleston, C.J., delivered the opinion of the court.

In January, 1964 the State Highway Commissioner filed in the court below a petition seeking to acquire by eminent domain the fee simple title to certain land owned by Jack L. Massie and Virginia M. Massie, fronting on the west side of State Highway 60 in James City County, between Toano and the City of Williamsburg. The strip of land, consisting of 6.43 acres, extended along the Massie property for a distance of 2135 feet and varied in width from 110 to 165 feet. In addition to the land to be taken in fee simple, the condemnor

sought to acquire an easement for a 10-foot drainage ditch running back a distance of 490 feet from the west side of the highway.

Prior to the institution of the proceedings, pursuant to Code § 33-70.2 [Cum. Supp. 1968], the Highway Commissioner had paid into court $12,655, being the sum estimated by him as the fair value of the land taken.[1]

Five commissioners were appointed, who, after hearing the evidence, viewing the property, and considering the instructions of the lower court submitted without objection, filed a written report fixing the value of the land taken including the easement for the drainage ditch at $18,000, and the damage to the residue by reason of the taking at $6,750, or a total of $24,750.

Pursuant to Code § 33-64, as amended, the Highway Commissioner filed exceptions to the report and the award of the commissioners. The stated grounds of the exceptions were that the award for the value of the land taken was "far in excess of the testimony" concerning such value and without evidence to support it, and that the court had erred in admitting certain testimony of a witness for the property owners. No exception was taken as to the award for damages to the residue of the property not taken.

In a written memorandum the lower court sustained the findings of the commissioners as to the value of the property taken, but held that the award of $6,750 for damages to the residue was "not supported by any credible evidence." Accordingly, it held that the property owners should be put on terms to remit $6,000 of this portion of the award or submit to a new trial. The order entered pursuant to this memorandum recited that the award of the commissioners was excessive and "shocked the conscience of the court." The property owners excepted to and have appealed from this order.

The evidence heard by the commissioners is before us in narrative form. It shows that the appraiser for the Highway Commissioner testified that the total value of the land taken, including that necessary for the easement, was $12,250, and that the damage to the remaining property was $500, or a total of $12,750.

The principal witness for the property owners placed the value of the land taken at $13,113.50, and the damage to the residue by reason of the easement and contemplated flooding of a portion of the property at $22,800, or a total of $35,913.50.

---

[1] Pursuant to Code § 33-70.6 [Cum. Supp. 1968], this amount was subsequently paid to the condemnees.

In its memorandum opinion the lower court made these criticisms of the award for damages to the residue of the property not taken. First, it said that the property as a whole was benefited rather than damaged by the improvement of the highway, because "[t]he land-owner now has more frontage on a dual highway than he formerly had on a two-lane road." Next, it said that the construction of the drainage ditch had not increased the flooding of the land beyond the condition which existed before the improvement. It noted that the lay of the land showed that water must have stood there before the improvement and that one of the landowners had so testified.[2]

Suffice it to say that the evidence on both of these items is conflicting. R. O. Latham, a witness for the landowners, testified that, in his opinion, the new highway did not enhance the value of the property as a whole. The same witness estimated the flood damage to the two portions of property at $13,500 and $9,300, respectively, or a total of $22,800. The witness for the Highway Commissioner fixed this damage at $500.

The commissioners went upon and viewed the property and the improved highway. They, too, observed the lay of the land and may have concluded therefrom that the improvements would result in some additional flooding of the landowners' property, but not to the extent as that estimated by the witness for the landowners. Without objection, they were instructed by the lower court that they were not bound by the opinion of the expert witnesses "as to the value of land or damages," but might base their findings upon facts obtained by their view of the property. They fixed the damage to the property not taken at $6,750, which the brief of the Attorney General concedes "is within the range of testimony offered in the case."

In putting the landowners on terms to remit $6,000 of the award the lower court, in effect, substituted its finding for that of the commissioners. This it had no right to do. Code § 33-64, as amended, provides that "[t]he court or the judge, as the case may be, shall have the same power over the commissioners' reports as it now has over verdicts of juries in civil actions."

We have repeatedly held that in a civil action the trial court may not set aside or reduce the verdict of a jury merely because it dis-

[2] According to the narrative statement of the incidents of trial, "Mr. Jack L. Massie, testifying on his own behalf, stated that water stood in the area before construction and flowed in the general direction of the ditch easement and that water collected at the end of the ditch but he could not testify that this was caused either by the 'take' or construction of the highway."

agrees with the amount of the award. *Edmiston* v. *Kupsenel*, 205 Va. 198, 202, 135 S. E. 2d 777, 780 (1964), and cases there cited. The same principles have been applied with respect to the power of a trial judge over the awards of commissioners in eminent domain proceedings.

In *Hannah* v. *City of Roanoke*, 148 Va. 554, 566, 567, 139 S. E. 303, 307 (1927), we said that the trial court cannot set aside the award of the commissioners simply because the damages seem to be inadequate. To warrant such action the inadequacy must be so great as to evince a misconception of the principles governing the case, prejudice, or corruption on the part of the commissioners. Similarly, an award may not be set aside on the ground that it is excessive unless it be shown that the commissioners proceeded upon erroneous principles or unless the amount allowed is so greatly excessive as to show prejudice or corruption on their part. This is so because they may base their findings upon facts obtained by their own view of the property which do not appear in the record. *Appalachian Electric Power Co.* v. *Gorman*, 191 Va. 344, 357, 61 S. E. 2d 33, 40 (1950); *Virginia Electric & Power Co.* v. *Patterson*, 204 Va. 574, 578, 132 S. E. 2d 436, 439 (1963), cert. den. 376 U. S. 956, 84 S. Ct. 975, 11 L. ed. 2d 974; *State Highway Commissioner* v. *Skillman*, 206 Va. 39, 41, 42, 141 S. E. 2d 700, 702 (1965).

In the present case there is nothing to show that in arriving at their award the commissioners proceeded upon erroneous principles. No exceptions were taken to the instructions which were in the usual and approved form. Nor is there any showing or claim that the commissioners were actuated by prejudice or corruption on their part. Indeed, the opinion of the lower court notes that "[n]o improper motive is ascribed to the commissioners in arriving at the amount reported. It was invited by evidence of the condemnor."

While the award for damages to the residue of the property was in excess of that fixed by the witness for the Highway Commissioner, it was much less than that fixed by the witness for the property owners. Although the order appealed from stated that this portion of the award of the commissioners was excessive and shocked the conscience of the court, it did not so appear to the Highway Commissioner, who filed no exception[3] to the report of this ground [Code

---

[3] See *Ellis* v. *Commissioner of Dept. of Mental Hygiene and Hospitals*, 206 Va. 194, 200, 201, 142 S. E. 2d 531, 536 (1965), for the effect of the failure of condemnees to file such exception.

§ 33-64, Cum. Supp. 1968] or otherwise claimed in the lower court that it was excessive.

Our conclusion is that the lower court erred in putting the condemnees on terms to remit $6,000 of the award of the commissioners for damages to the residue of the property. Accordingly, the order appealed from is reversed and the cause remanded with direction that the award be reinstated and a proper order entered for the disposition of the proceeds.

*Reversed and remanded.*