## Richmond

STATE HIGHWAY COMMISSIONER OF VIRGINIA V. LYLE E. FRAZIER, ET AL.

March 4, 1974.

Record No. 730183.

Present, All the Justices.

*(Andrew P. Miller, Attorney General; Walter A. McFarlane, Assistant Attorney General; David T. Walker, Assistant Attorney General,* on brief), for appellant.

Case submitted on brief by appellant. No brief filed on behalf of appellees.

Per Curiam.

The sole assignment of error on this appeal granted the appellant, State Highway Commissioner of Virginia, in an eminent domain proceeding, is that the trial court erred in setting aside, on the ground of gross inadequacy, the award of the commissioners and ordering a rehearing of the case before a new panel of commissioners.

On August 12, 1971, appellant filed a petition under Title 33.1, Chapter 1, Article 7,[1] of the Code of Virginia, to condemn a .77-acre parcel of land owned by the defendants, Lyle E. Frazier and Iva V. Frazier, for use in a highway construction project on Route 15 in

---

1. Condemnation suits by the Highway Commissioner are now instituted and conducted in accordance with procedures provided in Chapter 1.1 of Title 25 of the Code, except that the provisions of Code §§ 33.1-119 through 33.1-132 shall be applicable to such proceedings. Acts 1972, Ch. 765, at 1123.

Culpeper County. The regularly appointed commissioners, after viewing the property and hearing evidence, filed their report awarding $6,350 for the land taken and $500 for damages to the residue, or a total of $6,850.

The trial judge, in expressing his displeasure with the report of the commissioners, stated:

". . . Members of the commission, your award is grossly inadequate. Totally and completely inadequate. Now we're either going to get some commissioners here in Culpeper that award people what they're entitled to or I'm going to exhaust all the citizens in Culpeper County. Having said that you're disqualified in the next case, the other case, the Ashby case. The court declares a mistrial in that case. We'll summons a new commission to hear that case. You're excused."

Counsel for the landowners then moved the court to set aside the award on the ground of inadequacy and filed his exceptions to the report. On a later date, the trial judge set aside the award on the ground that it shocked his conscience, and, over the objections of the appellant, ordered another hearing before new commissioners.

At the hearing before the first commissioners, an expert witness for the appellant testified that the best use of the property taken was for residential purposes. He valued the land taken at $5,766 and damages to the residue in the amount of $235, or a total value of $6,001. The landowners' two witnesses estimated the value of the land for commercial use. One valued the take at $11,792 and damages at $5,575, and the other fixed the value of the land at $12,192 and damages at $6,690. The landowners placed the value of the take at $10,000 and damages at an equal amount.

At a rehearing before the new commissioners, the testimony was the same as that at the first hearing. The commissioners returned an award for $12,500, without allowing any damages to the residue. At a subsequent date, the trial court entered its order awarding $6,250 for the take and an equal amount for damages to the residue. Appellant noted his exception to the award and the action of the trial court.

We have many times held that in the trial of a civil action the trial judge may not set aside a jury verdict simply because he disagrees with the amount of the verdict. If a fair and impartial jury

has reached a verdict which is supported by sufficient evidence, it cannot be disturbed. *Edmiston* v. *Kupsenel,* 205 Va. 198, 202, 135 S.E.2d 777, 780 (1964), and cases there cited. The same principles apply with respect to the power of a trial judge over the awards of commissioners in eminent domain proceedings. *See Hannah* v. *City of Roanoke,* 148 Va. 554, 556-57, 139 S.E. 303, 307 (1927).

We have repeatedly said that in an eminent domain proceeding "the report of the commissioners is entitled to great weight, is *prima facie* correct, and must be confirmed unless 'good cause be shown against it.' Where there is a conflict of evidence before the commissioners neither the trial court nor this court can set aside the award unless it be shown that the commissioners proceeded upon erroneous principles, or unless the amount allowed is so grossly inadequate or excessive as to show prejudice or corruption on their part. This is so because the commissioners may base their finding largely upon facts obtained by their own view of the property which do not appear in the record." [2] *Kornegay* v. *City of Richmond,* 185 Va. 1013, 1024, 41 S.E.2d 45, 50 (1947); *Highway Commissioner* v. *Skillman,* 206 Va. 39, 41-42, 141 S.E.2d 700, 702 (1965); *Massie* v. *Highway Commissioner,* 209 Va. 365, 368, 164 S.E.2d 696, 698 (1968).

There is nothing in the record in this case to show that in arriving at the first award the commissioners acted upon erroneous principles. No exceptions were taken to the instructions which set out the applicable legal principles. Nor was there any suggestion that the award of the commissioners was the result of prejudice or corruption on their part. Indeed, the only reasons given by the trial judge in setting aside the award was that he thought it was wholly inadequate and that it shocked his conscience.

The amount of the first award was within the range of value shown by the evidence. Thus, there was sufficient evidence to support the first award, and the trial judge erred in setting it aside merely because it seemed to him to be inadequate.

For the reasons stated, the order appealed from is reversed and the cause is remanded with directions to reinstate the first award and enter a proper order for the disposition of the funds.

*Reversed and remanded.*

---

2. Code § 25-46.21, now applicable to condemnation proceedings instituted by the Highway Commissioner (Acts 1972, *supra*), provides that the view of the commissioners "shall not be considered by the commission or the court as the sole evidence in the case."