# Richmond

STATE HIGHWAY AND TRANSPORTATION COMMISSIONER
OF VIRGINIA V. DONALD G. CARTER, ET AL.

March 5, 1976.

Record No. 750212.

Present, All the Justices.

*John J. Beall, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General; Walter A. McFarlane, Deputy Attorney General; Francis A. Cherry, Jr., Assistant Attorney General,* on brief), for appellant.

*Robert R. Gwathmey, III,* for appellees.

I'ANSON, C. J., delivered the opinion of the court.

On October 10, 1973, the State Highway Commissioner of Virginia, now State Highway and Transportation Commissioner of Virginia (condemnor), filed a petition in accordance with Title 25, Chapter 1.1 and Title 33.1, Chapter 1, Article 7, Code of 1950, as amended, to obtain by condemnation certain property owned by Donald G. Carter and Janet E. Carter (condemnees). Condemnor needed 0.95 acre of condemnees' 4.55 acre parcel fronting on Route 301 in Hanover County to improve the highway and 0.06 acre for a permanent drainage easement.

Commissioners were duly appointed and instructed to ascertain just compensation for the land taken, and damages, if any, to the residue of condemnees' property. They viewed the premises, heard the evidence, and by their report awarded $7,000 for the land taken and $4,000 for damages to the residue, or a total award of $11,000.

Condemnor filed exceptions to the report and moved that it be set aside on the grounds that the awards were excessive in that they bore no reasonable relationship to the evidence; that the actions of the commissioners were arbitrary and capricious; and that the court erred in refusing its Instruction A.

The trial judge, in a written opinion, overruled the exceptions and entered judgment on the commissioners' report.

The evidence before us is in narrative form and shows the following:

An expert appraiser for the condemnor testified that in his opinion the value of the acreage taken, based on comparative sales, was $4,750 for the 0.95 acre and $270 for the 0.06 acre drainage easement, or a total valuation of $5,020. He was of the opinion that there was no damage to the residue because, upon completion of the project, condemnees' remaining land would have more highway frontage and its useability would not be adversely affected by the taking.

An expert appraiser for the condemnees testified that the value of the land and easement taken was $4,512 and that the damages to the residue were $2,390, or a total of $6,902. His opinion was based on the taking of the best and most level portion of condemnees' land, which included many shade trees. There was a 15% down grade beginning 100 feet from the front of the property which necessitated the use of a considerable amount of fill, and because of the topography of the land, he doubted whether a septic tank could be placed on the property. The necessity of a set-back from the highway would prevent using a sizeable portion of the remaining property.

The condemnor first contends that the awards should be set aside because they bore no reasonable relationship to the testimonial evidence, and violated the provisions of Code §25-46.21, as amended, which provides in part that the view of the commissioners "shall not be considered by the commission or the court as the sole evidence in the case."

We have many times said that in an eminent domain proceeding "the report of the commissioners is entitled to great weight, is *prima facie* correct, and must be confirmed unless 'good cause be shown against it.' Where there is a conflict of evidence before the commissioners neither the trial court nor this court can set aside the award unless it be shown that the commissioners proceeded upon erroneous principles, or unless the amount allowed is so grossly inadequate or excessive as to show prejudice or corruption on their part. This is so because the commissioners may base their finding largely upon facts obtained by their own view of the property which do not appear in the record." *Kornegay* v. *City of Richmond*, 185 Va. 1013, 1024, 41 S.E.2d 45, 50 (1947). *Accord, Highway Commissioner* v. *Frazier*, 214 V. 556, 558, 203 S.E.2d 350, 351 (1974); *Massie* v. *Highway Commissioner*, 209 Va. 365, 368, 164 S.E.2d 696, 698 (1968); *Highway Commissioner* v. *Skillman*, 206 Va. 39, 41-42, 141 S.E.2d 700, 702 (1965).

Of course, if the commissioners' awards bear no reasonable relation to the testimonial evidence and show prejudice or corruption on the part of the commissioners, the trial court or this court should set aside the awards. *Vepco* v. *Patterson*, 204 Va. 574, 578, 132 S.E.2d 436, 439 (1963) and *Virginia Electric, Etc., Co.* v. *Pickett*, 197 Va. 269, 276, 89 S.E.2d 76, 81 (1955).

In the present case, the commissioners were instructed, at condemnor's request, that:

"While the parties to this suit have presented testimony which the commissioners shall consider carefully, the commissioners are not bound by the opinion of the witnesses who have testified, or by the apparent weight of evidence. The Commissioners having viewed the property, have a right to exercise their own judgment based upon facts obtained by their view but an award cannot be made that does not relate to the evidence. This, however, does not permit the commissioners to make an arbitrary or capricious award."

That instruction was given without objection and it became the law of the case. It told the commissioners that they were not bound by

the opinions of experts or by the apparent weight of the evidence and that they had a right to exercise their own judgment based on their view of the property in arriving at just compensation, so long as their awards related to the evidence and were not arbitrary or capricious. Hence, the view of the property and the information obtained therefrom was a part of the evidence which the commissioners could consider, even though it was not in the record.

■ Whether the commissioners' awards bear a reasonable relationship to the evidence, or whether they were based solely on the view of the commissioners is to be determined from the facts and circumstances of each particular case. *State Highway Commissioner, etc.* v. *Aubrey C. Foster*, 216 Va. 745, this day decided.

From the record before us, we cannot say that the awards for the value of the property and the damages to the residue were so grossly excessive or unreasonable that they bore no reasonable relationship to the testimony of the witnesses, or that they were based solely or exclusively on the view of the commissioners.

■ Condemnor also contends that the trial court erred in refusing Instruction A which was to the effect that condemnees' circuity of access to the highway was not a compensable element of damages.

When the circuity of access issue was mentioned in the testimony of one of the witnesses, the trial judge told the commissioners that it was not to be considered by them as an element of damages in the case. The same matter was later referred to in the testimony, but condemnor raised no objection.

The trial court refused Instruction A because the commissioners had already been admonished that circuity of access was not to be considered as an element of damages and it would have called to the commissioners' attention specific testimony which was not to be considered by them.

Under these circumstances, we hold that the trial court did not err in refusing the instruction.

For the reasons stated, the judgment of the court below is

*Affirmed.*

CARRICO, J., dissenting.

I would reverse the judgment of the trial court, set aside the award of the commissioners, and order a new trial. The award, in my opinion, bears no reasonable relation to the value of the property shown by the

testimonial evidence in the case. The award is so out of proportion to the highest testimonial estimate of value as to display, to me at least, that the commissioners proceeded upon erroneous principles.

It is true, as the majority states, that the commissioners were told in an instruction that they were not bound by the opinions of the witnesses or by the apparent weight of evidence and that they could exercise their own judgment based upon their view of the property involved. It is also true that the condemnor requested this instruction, that it was granted without objection, and that it became the law of the case.

But also part of the law of the case was an admonition in the same instruction that the commissioners could not return an award that did not "relate to the evidence." The majority suggests, however, that "the evidence" referred to in this part of the instruction included the information obtained by the commissioners upon their view and that because this information is not in the record the court is powerless to disturb the award.

We have said numerous times that an award of condemnation commissioners is to be measured by the evidence. But the only evidence this court ever has available to measure an award is the testimonial evidence set forth in the record. So when commissioners are told that they may not return an award unrelated to "the evidence," to me this means the testimonial evidence presented in the courtroom. This must be the rule if this court ever is to discharge its judicial function of correcting unreasonable awards.

It is obvious to me that in this case the commissioners disregarded the admonition against returning an award unrelated to the evidence. It is for this reason that I believe the award was based upon erroneous principles. It is not difficult, however, to understand how the commissioners might have been led to their erroneous conclusion. The admonition is obfuscated by the overpowering language that the commissioners were not bound by the opinions of the witnesses or by the apparent weight of evidence and that they could exercise their own judgment based upon their view of the land. And the admonition became enshrouded in syntactical confusion when, after the instruction told the commissioners "an award cannot be made that does not relate to the evidence," it immediately stated: "This, however, does not permit the commissioners to make an arbitrary or capricious award."

I realize that similar instructions generally are given in eminent domain proceedings in this state. I also realize that the court is powerless to declare the instruction erroneous in this case.

While commissioners should be cautioned against returning an award unrelated to the evidence, I believe it is unwise and improper to use the confusing instruction involved in this case. The instruction is inappropriately constructed of excerpts from our opinions. It contains language appropriately employed by this court to explain when and under what circumstances an award must be either set aside or confirmed. The language relating to the commissioners' view constitutes one of the rules of guidance for courts to test the reasonableness of condemnation awards. But, as we said in *Virginia Electric and Power Company* v. *Pickett*, 197 Va. 269, 276, 89 S.E.2d 76, 81 (1955):

> "[The] rule is not to be considered as turning commissioners loose to take arbitrary or capricious action and return awards not related to the value of the property. Their awards are to be measured by the evidence and if the evidence clearly shows them to be unreasonable they should be set aside."

I would hope that, given the proper opportunity, this court will hold erroneous the granting of a "turn loose" instruction such as was granted in this case. In the meantime, even with the instruction the law of the case, I would hold the present award unreasonable as a matter of law.

HARRISON, J., joins in this dissent.