# Richmond

STATE HIGHWAY COMMISSIONER OF VIRGINIA, ETC. V. AUBREY C. FOSTER.

March 5, 1976.

Record No. 750334.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Poff and Compton, JJ.

*John J. Beall, Jr.,* Assistant Attorney General (*Andrew P. Miller,* Attorney General; *Walter A. McFarlane,* Deputy Attorney General; *Lloyd E. Sullenberger; Shackelford & Robertson,* on briefs), for appellant.

*Robert A. Niles* (*Niles & Chapman,* on brief), for appellee.

POFF, J., delivered the opinion of the court.

On March 1, 1972, the State Highway Commissioner of Virginia, now State Highway and Transportation Commissioner of Virginia (condemnor), filed a certificate of taking and deposited the sum of

$535 for transfer to the Commonwealth of title to 0.424 acre of the 1.16 acres of land owned by Aubrey C. Foster (condemnee). Condemnee's land was needed for construction of a service road appurtenant to State Route 15/29 which was being converted into a limited-access highway. Terminating at the dairy farm owned by condemnee's adjoining neighbor, the service road enabled condemnee and his neighbor to abandon their respective access roads, formerly maintained at their expense. The new service road crossed condemnee's front yard, and the right-of-way line was located 10 feet from his home.

Under Code Chapter 1.1, Title 25, the case came to trial on July 10, 1974. Condemnor's expert witness appraised condemnee's property at $11,000, valued the land taken at $575, and estimated no damage, in excess of enhancement, to the residue. Condemnee's expert witness appraised the property at $12,000, valued the land taken at $434, and estimated damages to the residue at $2500.

Unaccompanied by the trial court, the commissioners viewed the property. Their report awarded $1000 for the land taken and $4000 for the damages to the residue. Condemnor filed exceptions alleging that the award was excessive and "indicates that the commissioners acted arbitrarily and capriciously." The trial court overruled the exceptions and confirmed the report.

■ At condemnor's request, the trial court granted the following instruction:

> "While the parties to this suit have presented testimony which the Commissioners should consider carefully, the Commissioners are not bound by the opinion of the witnesses who have testified, or by the apparent weight of evidence. The Commissioners, having viewed the property, have a right to exercise their own judgment based upon facts obtained by their view and in accordance with these instructions. This, however, does not permit the Commissioners to make an arbitrary or capricious award; *nor shall such view be considered by the commission as the sole evidence in the case.*" (Emphasis added).*

The emphasized language is an adaptation of a sentence added to Code § 25-46.21 (Repl. Vol. 1973) in 1962. The first paragraph of that statute, with emphasis added to the new sentence, reads in part as follows:

---

* That instruction became the law of the case. *State Highway Commissioner of Virginia* v. *Carter, et al.,* 216 Va. 639, 222 S.E. 2d 776, this day decided.

". . . Upon the selection of the commissioners, the court shall direct them, in the custody of the sheriff or sergeant or one of his deputies, to view the property described in the petition with the owner and the petitioner, or any representative of either party, and none other, unless otherwise directed by the court; and, upon motion of either party, the judge shall accompany the commissioners upon such view. *Such view shall not be considered by the commission or the court as the sole evidence in the case.* Upon completion of the view, the court shall hear the testimony in open court on the issues joined."

On brief, condemnor recognized that we have upheld an award, based in part upon a view, which exceeded the highest values estimated by expert witnesses. *Vepco* v. *Call*, 195 Va. 454, 78 S.E.2d 670 (1953). And condemnor agreed at bar that the 1962 amendment did not have the effect of restricting awards to the range of values given in evidence. Condemnor argues, though, that the 1962 change "acts to qualify the freedom that the commissioners may have had under prior judicial decisions when they render their reports after taking a view." Condemnor points to our language in *Vepco* v. *Patterson*, 204 Va. 574, 577-78, 132 S.E.2d 436, 439 (1963), *cert. denied*, 376 U.S. 956 (1964), *reh. denied*, 377 U.S. 920 (1964), a case which arose prior to the 1962 amendment:

". . . [T]he finding of the commissioners in a condemnation proceeding is entitled to great weight, and where the evidence is conflicting their report will not be disturbed except upon clear proof that it is based on erroneous principles or when the awards are so grossly excessive or inadequate as to show bias, prejudice or corruption; and this is because the commissioners may base their findings on facts obtained by their own view of the property which do not appear in the record." (Citation omitted).

We must decide in what respect, if at all, the commissioners' freedom was qualified by the 1962 amendment. Construing legislative intent, we look first to the statute before the 1962 change. In that form, it made two types of evidence relevant to damage evaluation: it provided that the court "shall direct [the commissioners] . . . to view the property" and "shall hear the testimony in open court". The statute did not, however, expressly require the commissioners to consider both types of evidence in making their award. We are of opinion that

the 1962 amendment was intended to supply this omission and to forbid awards based solely on evidence acquired on view. Had the General Assembly intended to further limit the freedom accorded commissioners under prior decisions, it would have done so in explicit terms.

■ But that freedom is not absolute. While the commissioners are not bound by the value opinions of expert witnesses, ". . . they may not take arbitrary or capricious action and return awards not related to the value of the property." *Vepco* v. *Patterson, supra,* 204 Va. at 578, 132 S.E.2d at 439. An award which bears no reasonable relationship to the testimonial evidence is arbitrary and capricious; for such an award raises an inference that the commissioners failed to consider that evidence and considered the facts observed on view as "the sole evidence in the case." Whether the award in a particular case bears a reasonable relationship to the testimonial evidence depends upon the facts and circumstances disclosed by that evidence. We believe that, under the facts and circumstances disclosed here, the award bears a reasonable relationship to the testimonial evidence.

The experts' value opinions are part of the testimonial evidence the commissioners are required to consider. The facts and circumstances upon which those opinions were based are another part. The commissioners are entitled to weigh the facts and circumstances and determine whether they fairly support the opinions, and in making that determination, they may consider knowledge acquired on view.

It was the opinion of condemnor's expert witness that the value of the land taken was $575. His opinion was based on sales in 1970 of certain parcels of land which he considered comparable to condemnee's land. "Up dating" the price by an appreciation factor of 25 per cent per year, he arrived at a 1972 value of $1300 per acre. This witness further testified, however, that he also considered a sale of another lot which he felt was "probably a more desirable piece of property" which brought a price of $1970 per acre in 1970. Making allowance for the difference in desirability, applying the appreciation factor, and considering knowledge acquired on view of condemnee's property, the commissioners reasonably could have determined that this sale, rather than those upon which condemnor's expert relied, was the best gauge of value of the land taken and thus arrived at the $1000 award.

With respect to damages to the residue, the commissioners were not bound to accept the value opinions of the experts if they determined

that they were not fairly supported by facts and circumstances. Condemnor's witness assessed no damages in excess of enhancement. He felt that, although the service road was to be located only 10 feet from condemnor's residence, there would be no damage to the residue. The commissioners, relying upon the testimony of condemnee's expert, could have felt otherwise.

In the opinion of the condemnee's witness, the residue suffered damages in the sum of $2500. Concerning his estimate, he said, "I felt that this was a conservative damage figure. . . ." His opinion was based upon three factors: *viz.*, that the take reduced the residue to a nonconforming lot size; that the proximity of the road to the house violated the 60-foot set-back line; and that the service road terminated "just beyond the edge" of condemnee's property and provided "a good place for people to pull up there now and stop and drink beer and throw their beer cans out." Weighing such facts and circumstances, and taking into account knowledge acquired on view, the commissioners could have determined that the expert's value opinion was an underestimate of the damage to the residue.

We cannot say as a matter of law that the award is arbitrary and capricious, that it was based solely on evidence acquired on view, or that it bears no reasonable relationship to the testimonial evidence, and the judgment is

*Affirmed.*

CARRICO, J., dissenting.

I disagree with the majority that the award in this case "bears a reasonable relationship to the testimonial evidence" presented to the commissioners. The bases of my disagreement are similar to the views expressed in my dissenting opinion in *State Highway Commissioner* v. *Carter*, 216 Va. 639, 222 S.E.2d 776, this day decided, and need not be repeated here.

HARRISON, J., joins in this dissent.