## CIRCUIT COURT OF THE CITY OF WINCHESTER

State Highway Commissioner

v.

Edward C. Shokes and
Elizabeth S. Shokes

June 26, 1984

Case No. (Law) 83-L-104

By JUDGE HENRY H. WHITING

The sole issue before this Court on an exception filed to the Commissioners' award turns on the allegedly excessive award.

It is well settled that: (1) the Court cannot set aside a Commissioners' award merely because it has a different opinion as to the value of the property and (2) the Commissioners are not bound by the testimonial evidence but may make an award based on their own view of the property. *State Highway Commissioner* v. *Foster*, 216 Va. 745 (1976); *State Highway Commissioner* v. *Carter*, 216 Va. 639 (1976).

However, where the award exceeds any reasonable construction of the testimonial evidence it cannot be sustained. *Bunch* v. *State Highway and Transportation Commissioner*, 217 Va. 627 (1977). This does not mean that the award cannot exceed the "bottom line figures," but there must be some testimonial evidence to justify the increase over that figure.[1] For example, in *Foster*

---

[1] In Carter the awards exceeded all the testimonial evidence recited in opinion but (1) we do not know what other comparables were used and (2) an apparently erroneous instruction was granted without objection which "became the law

one expert had a comparable he thought was more desirable than the subject property, resulting in a considerable discount in the subject property. The Court pointed out that the Commissioners could have disagreed with the expert's opinion as to the relative attractions of the two properties and found it did not justify as much of a reduction in the comparable values and thus have adopted the higher figure to justify their award. *Foster* at 748.

The highest estimate of the damage to the residue in *Foster* was $2,500.00 but the award of $4,000.00 for such damages was sustained because: (1) the expert witness said the figure was conservative; (2) he described three factors which would certainly have reduced the value of the residue and (3) the knowledge acquired at the view all could have justified the Commission in adjusting that expert's opinion as "an underestimate of the damage to the residue." *Id.*, at 749.

Moreover in this case the property owner is bound by his own testimony and can rise no higher than any reasonable construction and adjustment of his own estimate of the total value, which is the highest estimate in the case. *West* v. *Anderson*, 186 Va. 554, 564 (1947) (landowner bound by his own testimony of value and an award exceeding that amount set aside where he was the only one who testified as to the damage to the residue). *Cf. Colonial Pipeline* v. *Lohman*, 207 Va. 775, 780 (1967) (landowner not bound by his expert's testimony as to value, distinguishing *West* v. *Anderson* on that ground).

My trial notes do not disclose any comparable which would generate a figure higher than $11.00 a square foot and thus we must use the property owner's figure of $11.00 per square foot as the maximum figure appearing in the testimonial evidence of $327,492.00 (29,772 square feet x $11.00 per square foot). However, that figure necessarily included the 558 square feet included in the existing right of way to justify the total award. Thus it appears

of the case [and] told the Commissioners that they were not bound by the opinions of experts or by the apparent weight of the evidence and that they had a right to exercise their own judgment based on their view of the property in arriving at just compensation. . . Hence the view of the property and the information obtained therefrom was a part of the evidence which the Commissioners could consider, even though it was not in the record." Carter at 641-642.

that the Commissioners awarded full fee simple value for property already subject to the right of way.

A failure to discount the full fee simple value of this land is an obvious misapplication of the principles of law applicable to awards in condemnation suits, requiring the Court to set the award aside, at least as to this portion of it. *Commonwealth Natural Gas Corp.* v. *Horner*, 20 Va. 824, 831 (1959) (error if Commissioners had failed to discount full fee simple value of land where it was subject to prior easements).[2]

Although the Court has no direct evidence as to how the Commission figures the damages and cannot ascertain this by summoning the Commissioners, nevertheless the only inference from the evidence is that the Commission included the 558 square feet at its full fee simple value. That being true, the award was based on an erroneous principle of law and must be set aside.

Where awards of damages are excessive a trial court may set the verdict aside and put the plaintiff on terms to accept the lower amount or be subjected to a new trial. *Smithy* v. *Sinclair Refining Co.*, 203 Va. 142, 147 (1961); *Bassett Furniture Industries, Inc.* v. *McReynolds*, 216 Va. 897, 910, *et seq.* (1976). This common law power of remittitur has been codified in Virginia Code Sections 8.01-383 and 8.01-383.1. The Court has the same power over an award in a condemnation case as it does over a jury verdict, § 25-46.21, including remittitur; *Bunch, supra* at 629. In *Bunch* a trial court was sustained in setting aside an award which exceeded all the testimonial evidence and reducing it to the highest amount shown by the testimonial evidence. The property owner did not testify in *Bunch* as to value.

Unfortunately we have no fixed amount shown in the evidence to which this Court could reduce the award since there was no evidence as to the separate value of the land included in the 558 square feet. If the Court had gone on the view and had the area of the existing prescriptive right of way pointed out to it or there had been

---

[2] In *Horner* the trial court was reversed for refusing to summon the Commissioners to explain their report; a statute authorized Commissioners to be summoned but a subsequent statutory amendment precludes any such action now by a trial court. *Virginia Electric Power Co.* v. *Shaffer*, 209 Va. 418, 420 (1968); *Colonial Pipeline* v. *Lohman*, 207 Va. 775, 784-786 (1967).

some testimonial evidence as to the value of the 558 square feet, the Court might have been able to fix some value for the residue after discounting the value of the prescriptive right of way. Mr. Milton, the highway appraiser, apparently ascribed no value to this land, my notes indicate he only appraised the net area of 29,214 square feet. Mr. Racer apparently figures the gross area of 29,772 square feet at $9.94 a square foot, deducting nothing for the property in the prescriptive right of way. Mr. Shokes figures the gross area of 29,772 square feet at $11.00 per square foot, which he said made $325,000.00 for the total area, and my notes don't indicate how Mr. Miller figured the total for the area he included.[3] Under the circumstances I do not believe there is any way I could infer a residual value from this evidence and if counsel cannot agree as to some residual value for the 558 square feet or that I take a view and compute a residual value I will have to set the verdict aside and award a new trial.

[3] If Mr. Monahan has those figures (or any higher comparables over $11.00 per square foot) and he feels they would affect the holding, I would be glad to receive them.