## CIRCUIT COURT OF CHESTERFIELD COUNTY

Commonwealth Transportation
Commissioner

v.

Letah Maud Branch

March 23, 1989

Case No. (Law) 2230-87

By JUDGE HERBERT C. GILL, JR.

On October 21, 1988, counsel presented evidence and argument before Commissioners and this Court in regard to the condemnation of 1.21 acres for the construction of Powhite Extension in Chesterfield County. The Commissioners determined:

I. Value of land taken as $120,000.00.
II. Value of improvements as $50,000.00.
III. Damages to remaining property as $69,000.00; and
IV. Value of easement as $100.00.

Counsel for the Commonwealth filed several exceptions. In brief, counsel asserts that the errors listed below require either that the Court set aside the Commissioner's finding or remit the damages to conform with the evidence presented. Counsel submits that the court should have excluded the following evidence:

1. Testimony from Mr. Hughes as an expert;
2. Testimony from Mr. Hughes as to comparable sales;
3. Testimony regarding residual damage; and
4. Testimony regarding damages resulting from change of access.

Counsel also alleges as error:

5. The exclusion of Mr. Turner's testimony regarding the likelihood of rezoning the property to permit commercial development;
6. The Court's failure to strike Commissioner Rev. Hammett for cause;
7. The total amount of the award as excessive and failing to bear a reasonable relationship to the testimony given;
8. The inclusion of the dwelling's value in the award;
9. Entry of an award exceeding the landowner's valuation.

Upon consideration of argument presented and memoranda submitted, it is the opinion of this Court that the exceptions fail to warrant setting aside or remitting the award. The findings as set forth by the Commissioners are confirmed. Counsel for the landowner is directed to draft an order in accordance to this opinion.

The Court may remit the award to conform to the evidence or set aside the findings given good cause. The trial Court has "the same power over commissioner's reports as it now has over verdicts of juries in civil actions." Va. Code Ann. Section 25-46.21 (1985).

In general, the report of commissioners in an eminent domain proceeding is entitled to great weight and must be confirmed unless it reasonably appears that the commission was influenced by prejudice or corruption or is shown to have acted under a clear misconception of law or fact. *State Highway Com'r. v. Carter*, 216 Va. 639 (1976). The Court may not set aside or reduce the award merely because he disagrees with the findings. *Massie v. State Highway Commissioner*, 209 Va. 365 (1968).

The Court properly designated Mr. Hughes as an expert. In order to designate a witness as an expert, the party need merely show that the witness possesses sufficient knowledge, skill, or experience to make him or her competent

to testify as an expert on the subject matter. *Maxwell v. McCaffrey*, 219 Va. 909 (1979). The record reflects that Mr. Hughes has extensive experience in appraising real estate. See pages 132-134 of the transcript.

The Court did not err in receiving the evidence submitted. Comparable land sales are relevant and permissible as a measure of evaluating land taken given that the subject property is sufficiently similar. *State Highway & Transportation Commission v. Garland*, 223 Va. 701 (1982). The question of admissibility is one left largely to the discretion of the trial court. *Edwards v. State Highway Commissioner*, 205 Va. 734 (1965). The sales were sufficiently similar as the sales offered were of residential properties, within the area and during the proximate period of condemnation. *See* Page 151-158 of the transcript.

Evidence regarding damages resulting from the loss of trees and shrubs and the creation of noise and air pollution from the highway was properly admitted. Evidence of any damages as a result of construction is admissible. *See generally Highway Commissioner v. Carter*, 216 Va. 638 (1976). Further, loss of access is a proper element of damages. *State Highway & Transportation Commission v. Dennison*, 231 Va. 239 (1986).

The Court properly precluded Mr. Turner's testimony in regard to the likelihood of re-zoning the realty for commercial use. Any possible conclusion drawn from such testimony would necessarily rest upon speculation. The Board of Supervisors approve rezoning requests. The Planning Department merely makes recommendations to the Board. Conjecture in this regard by an individual within the Planning Department has no evidentiary merit.

Rev. Charles Hammett was properly permitted to serve as a "disinterested freeholder" pursuant to § 25-46.20 of the Virginia Code. Exclusion for cause is within the sound discretion of the Court. *State Highway & Transportation Commission v. Dennison*, 231 Va. 239 (1986). *See also Wayne v. Commonwealth*, 219 Va. 683 (1979). Neither Rev. Hammett's position as the landowner's pastor or his speculative financial interest are appropriate grounds to strike for cause. Friendship alone is not sufficient basis for removal. *Id.* 231 Va. 239 (1986).

*See also Chesapeake & O. R. Co. v. Smith*, 103 Va. 326 (1905). In *Chesapeake & O. R. Co. v. Smith*, 103 Va.

326 (1905), the Supreme Court approved the seating of a juror who was the plaintiff's friend and family physician. In regard to existing business relationship between landowner and commissioner, a person's financial interest may be so intimately related to an interest at trial that he cannot sit indifferent in the cause." *Id.*, 231 Va. at 243 (1986). The financial interest must not be speculative and directly relate to the proceedings. *May v. Crockett*, 202 Va. 438 (1961).

In *May v. Crockett*, 202 Va. 438 (1961), a commissioner owned a parcel adjacent to the subject property and also held an equitable interest in property of the same project on which the proceedings were pending. The court held that the trial court had erred in failing to exclude said commissioner.

Counsel for the Commonwealth erroneously argues that Rev. Hammett's indirect financial interest in receiving tithes for the church and the personal relationship precludes service as a commissioner. Such a "financial" interest is highly speculative and does not relate to the issues presented before the commissioners. No evidence of a related financial interest was presented. Their friendship and association through the church is not an appropriate basis for removal. The record does not reflect evidence that their relationship would hinder Rev. Hammett's ability to render an objective finding.

Counsel for the Commonwealth also argues that the award does not bear a reasonable relationship to the evidence and in particular that the commissioners erred by including the value of the dwelling and permitting damages in excess of the landowner's valuation. The Court respectfully disagrees and confirms the findings of the commissioners.

The total award must bear a reasonable relationship to the testimony given. *State Highway Com'r. v. Foster*, 216 Va. 745 (1976). The amount of the award coincides with the testimony given by Mr. Hughes, a qualified expert. *See* pages 139-141 of the transcript.

In regard to the particular objections raised, evidence was presented in support of including the value of the dwelling even in considering the realty as commercial property. *See* page 159 of the transcript. Furthermore,

54

the award is not limited to that amount testified to by the landowner. *West v. Anderson*, 186 Va. 554 (1947).

Upon review, the report does not reasonably appear to have been influenced by undue prejudice or the result of a misconception of law or fact. The award conforms to the evidence properly admitted.