## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth
Transportation
Commissioner

v.

Alfred E. Hurley
and Mary C. Hurley

Case No. (Law) 10633

By JUDGE THOMAS D. HORNE

January 9, 1991

This cause came to be heard on the exceptions to the Commissioners' Report filed by the petitioner. The Commissioner challenges the Report based upon the following reasons: flawed assumptions on the part of respondents' experts whose testimony was erroneously relied upon by the Commissioners; the failure of the Commissioners to consider, in their valuation of the permanent easement, the fact that the land underlying the easement could be utilized in computation of the floor area ration for the tract; the award of damages by the Commissioners which would have considered the respondents' planner's testimony as to the direct commercial access from Route 7 to the property; the award of damages by the Commissioners which would have failed to consider uncontroverted testimony relating to a required dedication of a portion of the property as a prerequisite to commercial development; and the failure of the Commissioners to consider any enhancement in value brought about by improved access to the property.

In their Report, the Commissioners unanimously determined that the respondents were entitled to recover $135,000.00 for the easement taken and $125,000 in damages to the residence, beyond the enhancement in the value to such residue. The award of the Commissioners is entitled to great weight and should not be disturbed unless shown by clear proof to have been based upon erroneous principles of law or of an amount so grossly inadequate or excessive as to show prejudice or corruption on their part. Section 25-46.21, Code of Virginia, as amended; *State Highway and Transportation Commissioner v. Carter*, 216 Va. 639, 641 (1976).

In fixing their award, the Commissioners, in addition to the view of the property, considered the testimony of various experts, including the appraisers called by petitioner and respondents. Petitioner's expert, Thomas E. Reed, testified that the value of the easement was $90,349.00. This represented 24,093 square feet taken multiplied by 75% of $5.00 per square foot (the fee value of the land taken). He concluded that the easement should be appraised at a percentage of the fee value based upon the future benefit to the landowners in using the underlying land in any FAR (floor area ratio) calculations. He appraised the 5,811 square foot drainage easement at 50% of $5.00 per square foot or $14,528.06. For the temporary easement, Mr. Reed stated a value of $5,828.00. This represented 15% of $.50 per square foot times 7,771 square feet (the area of the easement). Thus, the total easement value was calculated by petitioner's expert to be $110,705.00. He found no damage to the residue. His finding that there was no damage to the residue is summarized in his statement that:

> I think that the easement whether it can be eventually vacated or whether it can't is nebulous, and I do not think it causes any damage to the residue of the property.

(Transcript of September 14, 1990, p. 30).

Respondents' expert appraiser, David C. LeRoy, valued the permanent easement taken (24,093 square feet) at $5.00 per square foot or a total of $120,465.00; the permanent drainage easement (5811 square feet) at 50% of $5.00 per

square foot or $14,527.50; and the temporary construction easement (7,771 square feet) at $1,000.00. Thus, Mr. LeRoy gave a total value for the land taken at $135,992.50. He valued the damage to the residue of $129,045.00.

The Court finds that the award in this case is based upon erroneous principles of law and must be set aside. Mr. LeRoy conceded that his calculation did not include consideration of a setback line of 300 feet. Thus, the following questions and answers may be found in his testimony.

Q.  (Mr. Wakefield) If this property were to be developed for PD/OP, what is the setback required from 7?

A.  (Mr. LeRoy) To my knowledge, there is nothing hard and fast in the Zoning Ordinance about a setback.

Q.  (Mr. Wakefield) If you found out that there was a hard and fast rule that said that the setback was 300 feet, how would that change your testimony as to damage?

A.  (Mr. LeRoy) I certainly doubt if a 300-foot setback exists.

Q.  (Mr. Wakefield) Please answer the question. How would it change your testimony?

A.  (Mr. LeRoy) Well, I would have to recalculate it. I don't know at this point.

Q.  (Mr. Wakefield) Completely change it, lessen it?

A.  (Mr. LeRoy) I think it's hypothetical. I'd have to revaluate it.

(Transcript, pp. 88-89).

The fallacy of Mr. LeRoy's damage calculations is poignantly demonstrated in this last observation of Mr. LeRoy's and in Mr. Reed's comments upon the nebulous nature

of the development scenarios that would form the basis of any of respondents' damage calculations. In a determination of damages in a condemnation proceeding, the Commissioners are not to consider prospective, speculative, or possible values based upon future expenditures and improvements. *Richmond & P. R. Co. v. Seaboard & C. Co.*, 103 Va. 399, 407 (1905). In order for the Commissioners to have accepted the damage calculation of Mr. LeRoy, they must also have accepted the existence of a 35-foot setback. In any event, to the extent that the determination of value is dependent upon a determination by a government agency upon a future rezoning application or a noncompensable exercise of the police powers, such a valuation is based upon speculation and conjecture. *State Hwy. & Transportation Commissioner v. Lanier Farm*, 233 Va. 506 (1987).

Accordingly, the Court will sustain the first exception to the Report of the Commissioners, set aside the award, and direct the new Commissioners be summoned for a new hearing in this case. As new Commissioners shall be appointed to hear this case, counsel shall forthwith furnish names of all proposed Commissioners to the Court, as well as their open dates for trial. The Court does not believe that a reduction in an award is appropriate to the case. For the reason heretofore noted, the Court will sustain the exceptions number 3 and 4. The Court will overrule exceptions 2 and 5 as it cannot conclude as to such findings that they do not bear a reasonable relationship to the evidence, including the view of the property. *Highway Commissioner v. Carter*, 216 Va. 639 (1976).

March 22, 1991

This case came before the Court upon Landowner's motion for the Court to reconsider its decision reflected in its letter opinion of January 9, 1991. No order has been entered at this time reflecting said opinion. But for the petitioner's failure to timely renew his objection to the testimony of Mr. LeRoy, the Court sees no reason to modify any part of its earlier decision. As the Court has previously stated the basis for excluding the testimony of the landowner's appraisal, it will not be repeated. Accordingly, the Court finds that its earlier opinion regarding the speculative and conjectural nature of Mr. LeRoy's

testimony is correct and, but for the failure of the Commissioner to timely note an objection thereto, would command a setting aside of the award of the Commissioners.

However, those objections noted during the testimony of Mr. Drenning (Tr. 52, 54, 55) cannot serve to preserve any objection to the testimony of Mr. LeRoy.

If counsel fails to remind the judge that he has not made a ruling on an objection before the case goes to the jury or fails to reiterate counsel's objection, then the objection is deemed waived.

For example, in *Waldron v. Waldron*, 80 S.E. 811, 813 (W. Va. 1913), defendants objected to the submission of certain deeds into evidence. The court expressly reserved its decision, but the defendants never sought a decision on the point or press their objections again. The Supreme Court of Appeals of West Virginia held that because the defendants did not require a ruling that the objection was waived.

> That the court meant to rule on the point is clear. That it failed to do so is the fault of the defendants is not reminding the court of the reserved decision as to their objection. A trial court engrossed in the many matters and points pertaining to a case . . . must in reason be aided. If a party who has made an objection permits it to be forgotten, a waiver should be chargeable to the party. Error in such instance should not be chargeable to the court, which would bring a reversal on a point that presumably would have been eliminated by a correct ruling if the matter had been brought to the court's attention.

80 W. Va. 813, 814, *citing Hargreaves v. Kimberly*, 26 W. Va. 787, 53 Am. Rep. 121; *Summers v. Darne*, 72 Va. (31 Gratt.) 791 (1879).

In *State v. Friend*, 130 S.E. 102, 104 (W. Va. 1925), defense counsel moved to strike the answers given by a witness. The record was silent as to what action the court took. The West Virginia Supreme Court held that "where a motion is made to exclude evidence, and the court properly reserves its decision until further development of the

case, in order to test its admissibility, and the objector does not later again press his objection, it will be treated as waived."

Therefore, because in the present case counsel failed to renew its objection or ask for a ruling on the previous objection, the objection should be deemed as waived.

Accordingly, the Court will grant the motion to reconsider on the point noted herein and confirm the Commissioner's Report.

March 25, 1991

This letter supplements the earlier letter opinion of the Court of March 22, 1991. The Supreme Court of Virginia has most recently revisited the "contemporaneous objection" rule in *Jimenez v. Commonwealth*, 241 Va. 244 (1991). Thus, on review, that Court is permitted to entertain untimely objections, "for good cause shown or to enable th[e] Court to attain the ends of justice." Rule 5:25, Rules of the Supreme Court of Virginia; *Jimenez, supra*, at 249. What is significant about the decision in *Jimenez* is the Court's observation concerning the "rare" cases in which the exception is to be applied. *Jimenez*, at 249.

As this Court noted in its earlier letter opinion, counsel was under an obligation to renew his objection to the inadmissible testimony. In this connection, the earlier cases relied upon by the Court as most instructive. To the extent the Commissioner may wish to rely upon the exception previously noted, this is not one of those "rare" cases justifying such relief. This letter is to be read with the prior letter opinions of the Court.