## Richmond

## LEWIS M. BUNCH, ET AL. V. STATE HIGHWAY AND TRANSPORTATION COMMISSIONER.

January 14, 1977.

Record No. 751427.

Present, All the Justices.

*Hugh A. West (Walter S. Felton, Jr.,* on brief), for plaintiffs in error.

*Valentine W. Southall, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General; Walter A. McFarlane, Deputy Attorney General; William R. Savage, III; Glasscock, Gardy and Savage,* on brief), for defendant in error.

HARMAN, J., delivered the opinion of the court.

On August 28, 1973, the State Highway Commissioner of Virginia, now the State Highway and Transportation Commissioner of Virginia (Highway Commissioner), filed in the Circuit Court of the City of Nansemond, now the Circuit Court of the City of Suffolk, a petition in accordance with Title 25, Chapter 1.1 and Title 33.1, Chapter 1, Article 7 of the Code to obtain by condemnation certain property owned by Ophelia Bunch, widow, and Lewis M. Bunch and Betty M. Bunch, husband and wife. Upon the death of Ophelia Bunch, who owned a life estate in the property, the proceeding continued against Lewis M. Bunch and Betty M. Bunch (the condemnees), remaindermen who became fee simple owners of the land upon the death of the life tenant.

The Highway Commissioner's petition sought condemnation of two parcels containing a total of 1.09 acres, more or less, of the condemnees' larger 8.84 acre tract located on State Route 642 (Wilroy Road) in the City of Nansemond, now the City of Suffolk, together with easements for utilities and drainage required as a result of the highway construction.

Commissioners were duly appointed to ascertain just compensation for the land and easements taken, and damages, if any, to the residue of the condemnees' property. On March 12, 1975, after viewing the property, hearing the evidence and receiving the trial court's instructions, the commissioners returned their report awarding $2360 for the property taken and $12,256 for damages to the residue, making a total award of $14,616.

The Highway Commissioner filed exceptions to the report on the ground that the award of damages to the residue was "palpably excessive" thereby indicating that the commissioners were "guided by erroneous principles of law or evidence or completely disregarded the evidence adduced." After a hearing on the exceptions, the trial court, in a letter opinion of July 22, 1975, sustained the exceptions and ordered a remittitur of $5,726 of the damages as fixed by the commissioners. The condemnees, as permitted by Code § 8-350, accepted this award under protest and a final order was entered awarding the condemnees judgment for the sum of $2360 for the land and easements taken and $6530 for damages to the residue, a total of $8890. We granted a writ of error.

The only issue on appeal is the condemnees' claim that the trial court erred in ordering the remittitur. Therefore, it is necessary to review the testimonial evidence adduced at trial on the issue of damages to the residue.

The only evidence of monetary value presented at trial is the testimony of two expert witnesses. The Highway Commissioner's expert, P. J. Fowler, Jr., fixed the total value of the condemnees' property, including the dwelling and other improvements thereon, at $33,000, and the value of the land taken at $2,360. He was of the opinion that, by reason of the highway construction, the condemnees' remaining land was enhanced in value rather than damaged.

Harry Lee Cross, Jr., the landowners' expert, testified that he had been a real estate broker in Suffolk and the surrounding

area for the preceding 10 years. Before engaging in this business, Cross was employed for 20 years as an appraiser and land buyer for a large electric utility company. He testified that the highest and best use of the condemnees' property, considering the nature of the area where it was situated and existing zoning, was for a home site. Mr. Cross valued the 8.84 acre parcel, together with the Bunchs' residence and improvements thereon, at $21,768, with $9,840 of this value assigned to the land. Cross estimated the fair value of the property and easements taken at $1,790 and the damages to the residue at $6,530 or 30% of the whole value of the property prior to the taking.

Lewis M. Bunch, one of the condemnees, testified about the general character of the area in which the property is located, the changed conditions brought about by the highway construction and the adjustments which he made to his property because of the construction. While testifying that he felt the remaining property had been reduced in value, Mr. Bunch, conceding that he was not qualified to appraise or express an opinion on the value of real estate, expressed no opinion in monetary terms of the value of the land taken or damages to the residue.

The trial court, in eminent domain proceedings, has the same power over commissioners' reports as it has over the verdicts of juries in civil actions. Code § 25-46.21. At common law, the power to order remittitur lay within the sound discretion of the trial court. *Ches. & O. Ry. Co.* v. *Arrington,* 126 Va. 194, 217, 101 S.E. 415, 423 (1919). The General Assembly has not repealed or altered this common law rule. To the contrary, the legislature has tacitly recognized and implicitly ratified it by adopting Code §§ 8-224 and 8-350. *Bassett Furniture* v. *McReynold,* 216 Va. 897, 910-11, 224 S.E.2d 323, 331-32 (1976).

The legal principles applicable to the trial court's consideration of a motion to set aside a commissioners' report in an eminent domain proceeding are well established. Recently in *Highway Commissioner* v. *Carter,* 216 Va. 639, 222 S.E.2d 776 (1976), this court, speaking through Mr. Chief Justice I'Anson, had occasion to restate and summarize these principles:

"We have many times said that in an eminent domain proceeding 'the report of the commissioners is entitled to great weight, is *prima facie* correct, and must be confirmed unless "good cause be shown against it." Where there is a conflict of

evidence before the commissioners neither the trial court nor this court can set aside the award unless it be shown that the commissioners proceeded upon erroneous principles, or unless the amount allowed is so grossly inadequate or excessive as to show prejudice or corruption on their part. This is so because the commissioners may base their findings largely upon facts obtained by their own view of the property which do not appear in the record.' *Kornegay* v. *City of Richmond,* 185 Va. 1013, 1024, 41 S.E.2d 45, 50 (1947). *Accord, Highway Commissioner* v. *Frazier,* 214 Va. 556, 558, 203 S.E.2d 350, 351 (1974); *Massie* v. *Highway Commissioner,* 209 Va. 365, 368, 164 S.E.2d 696, 698 (1968); *Highway Commissioner* v. *Skillman,* 206 Va. 39, 41-42, 141 S.E.2d 700, 702 (1965).

"Of course, if the commissioners' awards bear no reasonable relation to the testimonial evidence and show prejudice or corruption on the part of the commissioners, the trial court or this court should set aside the awards, *Vepco* v. *Patterson,* 204 Va. 574, 578, 132 S.E.2d 436, 439 (1963) and *Virginia Electric, Etc., Co.* v. *Pickett,* 197 Va. 269, 276, 89 S.E.2d 76, 81 (1955)." *Id.* at 641, 222 S.E.2d at 777-78.

Whether the commissioners' awards bear a reasonable relationship to the evidence, or whether they are based solely on the view of the commissioners is to be determined from the facts and circumstances of each particular case. *Highway Commissioner* v. *Foster,* 216 Va. 745, 748, 222 S.E.2d 780, 783 (1976).

Unlike *Foster* and *Carter,* where the commissioners' awards came to us with the approval of the trial court, here the commissioners' award for damage to the residue was set aside by the trial judge because he found it so excessive that he concluded that the "commissioners did not adhere to my instruction not to use the view as the sole evidence and not to turn themselves loose and make an arbitrary award not related to or measured by the evidence." As was pointed out by the trial judge, the damage award fixed by the commissioners exceeded the only testimonial evidence regarding monetary damages, the evidence of the landowners' expert, by 87.68%.

*Bassett Furniture* v. *McReynolds, supra,* in which the trial court ordered a $450,000 remittitur of the jury's $1,000,000 damage award, sets forth the legal principles to be followed by

this court in determining whether a trial judge has abused his discretion in ordering a remittitur. There we said:

> "[W]hen it appears from the record before us that the trial judge made a finding that the verdict was plainly excessive and remittitur should be ordered and that, in reaching his conclusion, he considered factors in evidence relevant to a reasoned evaluation of the damages incurred . . ., his order will not be disturbed on appeal if the recovery after remittitur bears a reasonable relation to the damages disclosed by the evidence. 'Reasonableness' in this context is the standard by which the exercise of this discretion must be tested by this Court." 216 Va. at 912, 224 S.E.2d at 332.

Here the trial judge, who presided when the testimonial evidence was presented, after considering evidence in relation to damages, found the damage award to be plainly excessive and ordered a remittitur of $5,726 of the $12,256 damage award of the commissioners, thereby reducing the award to the highest monetary amount shown by the testimonial evidence. In these circumstances, the award after remittitur bears a reasonable relation to the damages disclosed by the evidence, so the judgment will be

*Affirmed.*