## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

State Highway Commissioner

v.

Forest C. Irving and
Virginia C. Irving

August 23, 1983

By JUDGE JOHN A. JAMISON

This matter is before the Court on the Highway Commissioner's exceptions to the award of damages by the commissioners in the above eminent domain proceeding.

I have carefully read the case referred to me by Mr. Ashby, *Bunch v. Highway Commission*, 217 Va. 627 (1977), as the authority for his position that the award should be set aside.

The Supreme Court in *Bunch* affirmed the trial judge's reduction of the award by remittitur to an amount which equalled the damages estimated by the landowners' expert appraiser. The Supreme Court distinguished *Bunch* from the two earlier cases cited by Mr. Jarrell, *State Highway, etc. v. Foster*, 216 Va. 785 (1976), and *Highway Commissioner, etc. v. Carter*, 216 Va. 639 (1976), similar cases, both decided on March 5, 1976, by saying that:

> We have many times said that in an eminent domain proceeding "the report of the commissioners is entitled to great weight, is prima facie correct, and must be confirmed unless 'good cause be shown against it.' Where there is a conflict of evidence before the commissioners neither the trial court nor this court can set aside the award unless it be shown that

the commissioners proceeded upon erroneous principles, or unless the amount allowed is so grossly inadequate or excessive as to show prejudice or corruption on their part."

Unlike Foster and Carter, where the commissioners' awards came to us with the approval of the trial court, here the commissioners' award for damage to the residue was set aside by the trial judge because he found it so excessive that he concluded that the "commissioners did not adhere to my instruction not to use the view as the sole evidence and not to turn themselves loose and make an arbitrary award not related to or measured by the evidence."

When I called both Messrs. Jarrell and Ashby today, it was confirmed that the damage award of $5,000 was Mr. Ashby's sole objection to the award, the same being a little less than twice the estimate of the landowners' appraiser, Mr. Harold Gardner.

This same situation occurred in *Foster, supra,* where the landowners' expert estimated damages at $2,500 and the Commissioners awarded $4,000 in damages to the residue. Likewise in *Carter, supra,* the landowners' appraiser estimated damages to the residue as $2,390 and the commissioners returned an award of $4,000. In both of these cases, the Condemnor's appraiser estimated no damages in excess of enhancement to the residue. One facet of an analysis of both *Foster* and *Carter* is that unless such a remarkable disparity exists between the highest testimonial estimate of damages and the commissioners' award as to be so gross that prejudice, corruption or erroneous principles came into play, causing the trial judge to believe that the award was purely arbitrary or grossly contrary to the evidence, the award should not be disturbed.

In the case at bar, I cannot find as a matter of law that the award is so "palpably excessive as to indicate that the commissioners were guided by erroneous principles of law or evidence or completely disregarded the evidence adduced." Neither can it be said, as in *Bunch,* that the award of damages to the residue was so grossly excessive or unreasonable that it bore no relationship to the testimony of the witnesses or that it could have been based solely on the view of the commissioners. Since the commis-

sioners heard both the testimony of the appraisers and viewed the property themselves, it cannot be said that the instructions of the Court were not followed. If there was a conflict in the evidence gathered at view and that from expert testimony, it then became the exclusive province of the commissioners to resolve the conflict and arrive at a fair award, unless the foregoing frequently enunciated principles were ignored. There is no reason for me to believe that they were.

Accordingly, the exception by the State Highway Commissioner is overruled and the award as to the "take" and damages will be affirmed.